IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>[1] JULIA BEATRICE KELEHER,<br>[2] ARIEL GUTIERREZ-RODRIGUEZ,<br>Defendants. | INDICTMENT<br>CRIMINAL NO. 20- 019 (FAB)<br><br>VIOLATION:<br>18 U.S.C. § 1349<br>18 U.S.C. § 1346<br>18 U.S.C. § 666(a)(1)(B)<br>18 U.S.C. § 666(a)(2)<br><br>NINE COUNTS &<br>FORFEITURE ALLEGATION |

**THE GRAND JURY CHARGES:**

<u>**General Allegations**</u>

At all times material to this Indictment:

1. The Commonwealth of Puerto Rico was a self-governing territory of the United States of America.

2. The Puerto Rico Department of Education (hereafter, the "PR DOE") was organized under Article IV, Section 6 of the Constitution of the Commonwealth of Puerto Rico. The PR DOE was responsible for the planning and administration of all public elementary, secondary, and some post-secondary education throughout Puerto Rico. The PR DOE is a State educational agency and local educational agency for purposes of administering federal financial assistance programs.

3. **[1] JULIA BEATRICE KELEHER** was the Secretary of Education from in or about January 2017 until on or about April 1, 2019. As the Secretary of Education, **[1] JULIA BEATRICE KELEHER** was responsible for the management and oversight of the PR DOE, and received a salary of $250,000.00. By virtue of her position, **[1] JULIA BEATRICE KELEHER**

1

was required to make decisions in the best interest of the people residing in the Commonwealth of Puerto Rico without regard to her own personal gain, or that of her friends.

4. In relevant part, Article 4.2 of the Puerto Rico Governmental Ethics Act prohibits a public servant from participating in any affair in which she has a conflict of interest which results in a benefit to her.

5. In relevant part, Article 4.3 of the Puerto Rico Governmental Ethics Act prohibits a public servant from: (1) accepting or maintaining contractual or business relationships which undermine the independence of the public servant's discretion in carrying out her official functions; (2) maintaining contractual or business relationships with private individuals or entities who have a contractual, financial, or commercial relationship with the agency for which the public servant works when the public servant has the authority to decide or influence official acts of the agency with respect to that particular private individual or agency; (3) intervening or participating in perfecting a contract with a private individual or entity in which the public servant, a member of her family, or friend has, or has had, a direct or indirect financial interest over the two years preceding her appointment as a public official if the public official has the authority to recommend or approve a contract on behalf of the agency in which she works; and (4) approving or authorizing a contract with a private individual or entity when there exists a conflict of interest between the contracting agency and the particular interests represented by that individual or entity.

6. The PR DOE received federal benefits through various financial assistance programs funded by the United States Department of Education (hereafter, the "US DOE"). The value of the federal benefits the PR DOE received from the US DOE exceeded $10,000.00 during the twelve months preceding December 31, 2018, and during the twelve months following December 31, 2018.

7. The *Escuela Especializada Bilingüe Padre Rufo* (hereafter the "Padre Rufo School") was a public school located in Santurce, Puerto Rico. The Padre Rufo School operated under the auspices of the PR DOE.

8. The Ciudadela housing complex (hereafter "Ciudadela") was a luxury housing complex adjacent to the Padre Rufo School in Santurce, Puerto Rico.

9. Company A was a for-profit corporation incorporated under the laws of the Commonwealth of Puerto Rico. Company A was in the business of buying, selling, dealing, renting, and managing real estate.

10. Company B was a for-profit consulting corporation incorporated under the laws of the Commonwealth of Puerto Rico, and mainly operated out of the same office space as Company A. The president of Company B was the same individual who served as the president of Company A.

11. Company C was a limited liability company organized under the laws of the State of Delaware which was duly authorized to do business in the Commonwealth of Puerto Rico as of August 20, 2012. Company C owned Ciudadela, which it purchased for approximately $120,000,000.00.

12. Company D was a non-profit organization organized under the laws of the Commonwealth of Puerto Rico to promote education-related initiatives in the Commonwealth of Puerto Rico. Company D disbursed money to the Puerto Rico Fiscal Agency & Financial Advisory Authority (hereafter "AFAF" by its Spanish acronym), the entity which paid the salary of **[1] JULIA BEATRICE KELEHER.**

13. Company E was a non-profit organization organized under the laws of the State of New Jersey. Company E disbursed in excess of $750,000.00 to Company D between 2017 and 2018 to promote its education-related goals in the Commonwealth of Puerto Rico.

14. **[2] ARIEL GUTIERREZ-RODRIGUEZ** was a consultant who provided services to both Company A and Company B.

15. Individual A was the chief executive officer of Company C and its related entities. Individual A also served as the president of Company D until in or about August 2018.

16. On or about June 7, 2018, **[1] JULIA BEATRICE KELEHER** signed a lease with a promise to purchase agreement for a two-bedroom apartment in Ciudadela. The agreement allowed her to occupy the apartment until no later than August 15, 2018, for the nominal amount of $1.00, although the agreement valued the monthly rental price at $1,500.00. Under the terms of the agreement, **[1] JULIA BEATRICE KELEHER** was to purchase the apartment for $297,500.00, and receive an incentive bonus of $12,000.00 in connection with said purchase. Although the agreement expired on August 15, 2018, **[1] JULIA BEATRICE KELEHER** remained living in the apartment until actually purchasing it on or about December 4, 2018. That is, **[1] JULIA BEATRICE KELEHER** was allowed to occupy the apartment from June 7, 2018 until December 4, 2018, for the nominal amount of $1.00.

17. As the Secretary of Education, **[1] JULIA BEATRICE KELEHER** was required to file financial disclosure statements with the Puerto Rico Office of Government Ethics. **[1] JULIA BEATRICE KELEHER** failed to disclose that she received a gift, income, or benefit in excess of $20,000.00 by occupying an apartment in Ciudadela from in or about June 2018 through in or about December 2018 for the nominal amount of $1.00, and by receiving an incentive bonus of $12,000.00 in connection with her purchase of that apartment.

## COUNT ONE
### Conspiracy to Commit Honest Services Fraud
(Title 18, United States Code, Section 1349)

18. The Grand Jury re-alleges paragraphs 1 through 17 of this Indictment as though fully set forth herein.

19. From in or about May 2018 until in or about May 2019, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendants,

**[1] JULIA BEATRICE KELEHER and**
**[2] ARIEL GUTIERREZ-RODRIGUEZ,**

did knowingly, intentionally, and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to devise a scheme and artifice to defraud the people residing in the Commonwealth of Puerto Rico of their right to the honest and faithful services of **[1] JULIA BEATRICE KELEHER** as the Secretary of Education, and to transmit, and cause to be transmitted by means of wire, writings, signals, and sounds in interstate and foreign commerce for the purpose of executing the scheme and artifice to defraud, contrary to Title 18, United States Code, Sections 1343 and 1346.

### Purpose of the Conspiracy

20. It was a purpose of the conspiracy for **[1] JULIA BEATRICE KELEHER** to use her official position as the Secretary of Education to enrich herself by soliciting and accepting gifts, payments, and things of value from others, known and unknown to the Grand Jury, and for others to enrich themselves by obtaining favorable official action for themselves and their companies through corrupt means.

21. It was a further part of the conspiracy for **[2] ARIEL GUTIERREZ-RODRIGUEZ** to facilitate **[1] JULIA BEATRICE KELEHER's** receipt of financial benefits in connection with her lease and purchase of an apartment in Ciudadela in exchange for **[1] JULIA BEATRICE-KELEHER's** signing a letter purporting to give 1,034 square feet of the Padre Rufo School to Company C.

### Manner and Means of the Conspiracy

22. It was part of the conspiracy that **[2] ARIEL GUTIERREZ-RODRIGUEZ** and others facilitated Company C's offer of a lease agreement to **[1] JULIA BEATRICE KELEHER**, under which terms **[1] JULIA BEATRICE KELEHER** was allowed to rent an apartment within Ciudadela from in or about May 2018 until in or about December 2018 for the nominal amount of $1.00.

23. It was further part of the conspiracy that in or about May 2018, **[2] ARIEL GUTIERREZ-RODRIGUEZ,** Company A, Company B, and Company C, agreed to give **[1] JULIA BEATRICE KELEHER** a $12,000.00 incentive bonus in connection with her purchase of an apartment in Ciudadela in spite of the fact that the value of such bonuses rarely exceeded $5,000.00.

24. It was further part of the conspiracy that **[1] JULIA BEATRICE KELEHER** and **[2] ARIEL GUTIERREZ-RODRIGUEZ** would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden acts done in furtherance of the conspiracy, including **[1] JULIA BEATRICE KELEHER's** receipt of bribes and financial benefits from others.

**Overt Acts**

25. In furtherance of the conspiracy, and to achieve its purpose, the defendants and others committed overt acts including, but not limited to, the following:

26. In or about May 2018, **[2] ARIEL GUTIERREZ-RODRIGUEZ** and others, acting on behalf of Company A, Company B, and Company C, communicated with a PR DOE employee who worked at the Padre Rufo School for the purpose of obtaining that employee's assent to the ceding of 1,034 square feet of the Padre Rufo School to Company C.

27. Between in or about May 2018 and in or about June 2018, **[2] ARIEL GUTIERREZ-RODRIGUEZ** caused to be delivered to a PR DOE employee who worked at the Padre Rufo School a letter signed by Individual A requesting authorization for Company C to acquire 1,034 square feet of the Padre Rufo School. The letter was dated May 30, 2018.

28. Between in or about May 2018 and in or about June 2018, **[2] ARIEL GUTIERREZ-RODRIGUEZ** delivered to a PR DOE employee who worked at the Padre Rufo School the draft text of a letter addressed to **[1] JULIA BEATRICE KELEHER** providing that PR DOE employee's assent to ceding 1,034 square feet of the Padre Rufo School to Company C. This PR DOE employee signed the letter, dated June 8, 2018.

29. On or about July 17, 2018, **[2] ARIEL GUTIERREZ-RODRIGUEZ** sent via email the draft text of a letter addressed to Individual A from **[1] JULIA BEATRICE KELEHER** authorizing Company C to acquire 1,034 square feet of the Padre Rufo School for its business-related purposes. **[1] JULIA BEATRICE KELEHER** caused the text to be placed on PR DOE letterhead largely as drafted by **[2] ARIEL GUTIERREZ-RODRIGUEZ**, and affixed her signature.

30. For the purpose of executing and attempting to execute the scheme and artifice to defraud, **[1] JULIA BEATRICE KELEHER, [2] ARIEL GUTIERREZ-RODRIGUEZ,** and others did cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signals, and sounds as described below:

| Date (on or about) | Interstate Wire |
|---|---|
| May 31, 2018 | Email from **[1] JULIA BEATRICE KELEHER** to employee of Company A confirming whether she would receive $12,000.00 bonus in connection with her purchase of an apartment in Ciudadela. |
| June 22, 2018 | Email from **[2] ARIEL GUTIERREZ-RODRIGUEZ** to **[1] JULIA BEATRICE KELEHER** regarding Company C's request to acquire land of the Padre Rufo School. |
| June 23, 2018 | Email from **[1] JULIA BEATRICE KELEHER** to **[1] JULIA BEATRICE KELEHER** forwarding documents pertaining to Company C's request to acquire land from the Padre Rufo School. |
| July 17, 2018 | Email from **[2] ARIEL GUTIERREZ-RODRIGUEZ** to **[1] JULIA BEATRICE KELEHER** attaching documents relating to Company C's acquisition of 1,034 square feet of the Padre Rufo School. |
| July 17, 2018 | Email from **[1] JULIA BEATRICE KELEHER** to PR DOE employee attaching documents relating to Company C's acquisition of 1,034 square feet of the Padre Rufo School. |
| August 20, 2018 | Email from **[2] ARIEL GUTIERREZ-RODRIGUEZ** to **[1] JULIA BEATRICE KELEHER** offering assistance in obtaining a bank loan. |
| August 21, 2018 | Email from Individual A to representative of Company E and **[1] JULIA BEATRICE KELEHER** confirming that money should be disbursed to Company D. |

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH SEVEN
### Wire Fraud
(Title 18, United States Code, Section 1343)

31. The Grand Jury re-alleges paragraphs 1 through 29 of this Indictment as though fully set forth herein.

32. On or about the dates set forth below, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendants set forth below, having devised and intending to devise a scheme and artifice to defraud the people residing in the Commonwealth of Puerto Rico of their right to the faithful and honest services of **[1] JULIA BEATRICE KELEHER** as the Secretary of Education, through bribes, did for the purpose of executing and attempting to execute such scheme, knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, and signals for the purpose of executing the scheme to defraud, to wit:

| Count | Defendant | Date | Interstate Wire |
|---|---|---|---|
| 2. | [1] JULIA BEATRICE KELEHER | May 31, 2018 | Email from [1] JULIA BEATRICE KELEHER to employee of Company A confirming whether she would receive $12,000.00 bonus in connection with purchase of an apartment in Ciudadela. |
| 3. | [2] ARIEL GUTIERREZ-RODRIGUEZ | June 22, 2018 | Email from [2] ARIEL GUTIERREZ-RODRIGUEZ to [1] JULIA BEATRICE KELEHER regarding Company C's request to acquire land of the Padre Rufo School. |
| 4. | [1] JULIA BEATRICE KELEHER | June 23, 2018 | Email from [1] JULIA BEATRICE KELEHER to [1] JULIA BEATRICE KELEHER forwarding documents pertaining to Company C's request to acquire land from the Padre Rufo School. |
| 5. | [2] ARIEL GUTIERREZ-RODRIGUEZ | July 17, 2018 | Email from [2] ARIEL GUTIERREZ-RODRIGUEZ to [1] JULIA BEATRICE KELEHER attaching documents relating to Company C's acquisition of 1,034 square feet of the Padre Rufo School. |

| 6. | **[1] JULIA BEATRICE KELEHER** | July 17, 2018 | Email from **[1] JULIA BEATRICE KELEHER** to PR DOE employee attaching documents relating to Company C's acquisition of 1,034 square feet of the Padre Rufo School. |
| 7. | **[2] ARIEL GUTIERREZ-RODRIGUEZ** | August 20, 2018 | Email from **[2] ARIEL GUTIERREZ-RODRIGUEZ** to **[1] JULIA BEATRICE KELEHER** offering assistance in obtaining a bank loan. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT EIGHT
**Federal Program Bribery**
(Title 18, United States Code, Section 666(a)(1)(B))

33. The Grand Jury re-alleges paragraphs 1 through 29 of this Indictment as though fully set forth herein.

34. Between in or about May 2018 until in or about December 2018, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

**[1] JULIA BEATRICE KELEHER,**

the defendant herein, did corruptly solicit and demand for her own benefit, and accepted and agreed to accept things of value from **[2] ARIEL GUTIERREZ-RODRIGUEZ** and others known and unknown to the Grand Jury, namely: a lease with a promise to purchase agreement allowing her to occupy an apartment in Ciudadela for $1.00, and a $12,000.00 incentive bonus to purchase an apartment in Ciudadela, intending to be influenced and rewarded in connection with a transaction that involved $5,000.00 or more, that is, Company C's acquisition of 1,034 square feet of the Padre Rufo School from the PR DOE. All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT NINE
### Federal Program Bribery
(Title 18, United States Code, Section 666(a)(2))

35. The Grand Jury re-alleges paragraphs 1 through 29 of this Indictment as though fully set forth herein.

36. Between in or about May 2018 until in or about December 2018, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court,

### [2] ARIEL GUTIERREZ-RODRIGUEZ,

the defendant herein, aided and abetted by others known and unknown to the Grand Jury, did corruptly give, offer, and agree to give a thing of value to **[1] JULIA BEATRICE KELEHER**, namely: a lease agreement allowing her to occupy an apartment in Ciudadela for $1.00, and a $12,000.00 incentive bonus to purchase an apartment in Ciudadela, with the intent to influence and reward **[1] JULIA BEATRICE KELEHER** in connection with a transaction that involved $5,000.00 or more, that is, Company C's acquisition of 1,034 square feet of the Padre Rufo School from the PR DOE. All in violation of Title 18, United States Code, Section 666(a)(2).

### Forfeiture Allegation

37. The allegations contained in Counts One (1) through Nine (9) of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

38. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction on any counts from Counts One (1) through Nine (9), charging violations of Title 18, United States Code, Sections 666(a)(1)(B), 666(a)(2), 1343, and 1349, the defendants shall forfeit to the United States of America any property, real or

personal, which constitutes or is derived from proceeds traceable to said violations.

    a) The property to be forfeited includes, but is not limited to, an amount of money equal to the proceeds of the offense;

39. If any of the property described above, as a result of any act or omission of the defendants:

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third party;

    c) has been placed beyond the jurisdiction of the court;

    d) has been substantially diminished in value; or

    e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

TRUE BILL

FOREPERSON
Date 5-n 1/14/2020

W. STEPHEN MULDROW
United States Attorney

Timothy R. Henwood
First Assistant United States Attorney

Jose Capo Iriarte
Senior Litigation Counsel

Myriam Y. Fernandez-Gonzalez
Chief, Criminal Division

Alexander L. Alum
Assistant United States Attorney